## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| BARBARA J. LUEDERS, individually and on behalf of a class of similarly situated persons,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>3M COMPANY, a Delaware corporation,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 08-4047<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. For the reasons stated below, this Motion [#49] is GRANTED.

### Background

In December of 2007, Plaintiff, on behalf of a putative class of current and former 3M employees, filed a class action lawsuit alleging violations of Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1 *et seq.*; the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1 *et seq.*; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*; and the Portal to Portal Act, 20 U.S.C. § 251, against Defendant 3M Corporation ("3M"). Specifically, Plaintiff alleges that 3M violated the IMWL and IWPCA by failing to pay hourly, non-exempt employees for the time they were required to don and doff uniforms and other Personal Protective Equipment and report to their work stations 20 minutes prior to the start of their shifts. Plaintiff also alleges on behalf of

herself individually that 3M violated the FLSA and the Portal to Portal Act by failing to pay Plaintiff minimum wage for all hours worked and overtime for the same.

In her Motion, Plaintiff alleges that in the course of her investigation of the overtime/wage claims, she obtained documentation (Employee Manuals, Ex. A and B and On-Line Time Card Entry Hourly Payroll Manual, Ex. C in the Proposed Amended Complaint) which memorializes 3M's agreement to pay overtime for hours worked over an eight hour day and double-time for hours worked over a twelve hour day, or for the seventh consecutive day of work, from at least December 1997 to the present. Plaintiff contends that this documentation is evidence of promises in addition to, and over and above, the overtime requirements of the IMWL and FLSA. Plaintiff seeks to incorporate these documents in her Amended Complaint under the IWPCA count and to add an additional claim for breach of written contract. In addition, Plaintiff has moved to amend her Complaint in order to add nine new class representatives, in order to broaden the class representative base.

3M argues that these amendments should be rejected because the amendments are both unjustifiably tardy and unduly prejudicial to the progress of this case. Specifically, 3M contends that Plaintiff filed this Motion when there were only 24 days before pre-certification discovery was scheduled to close and a month before a scheduled mediation was to be held. In addition, 3M argues that Plaintiff had known of and possessed documentation of these overtime policies and practices contained in the Employee Manuals prior to initiating this lawsuit.

Plaintiff counters that this amendment was brought without delay, as a substantial portion of time since the filing of the Complaint was spent on the process of removing the case from state court to the Northern District and then from the Northern

District to the Central District, which were pursuant to 3M's motions. Plaintiff states that 3M's Answer was not filed until June 27, 2008 and that 3M's initial responses to discovery were not served until December 2008 and January 2009. Further, Plaintiff states that 3M would not be prejudiced by the additional named plaintiffs because the Court granted 3M's Emergency Motion to Compel Depositions of Proposed New Plaintiffs/ Class Representatives [#53], which modified the discovery schedule for the limited purpose of 3M deposing these new plaintiffs prior to the close of pre-class certification discovery and before any dispositive motion deadline.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend the pleadings "shall be freely given when justice so requires." However the court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001), *citing Foman v. Davis,* 371 U.S. 178, 182 (1962).

While the Court questions the litigation strategy of Plaintiff filing her Motion to Amend the Complaint almost immediately after the Court extended the discovery for pre-class certification, the Court does not find evidence of undue delay or bad faith in the filing of the Motion. The Court does not believe 3M will be prejudiced by adding additional plaintiffs, as the Court has already granted 3M's motion to extend pre-class certification discovery to allow it to depose these additional plaintiffs.

In addition, in the present stage of litigation, the Court does not find that 3M would be unduly prejudiced by the adding of a breach of contract claim, regardless of whether Plaintiff had a copy of the Employee Manuals at the time she filed her

Complaint (thus being able to include a breach of contract claim in the original complaint). The parties have agreed to conduct discovery in phases, and while the pre-certification discovery deadline is quickly approaching, the time frame for merits based discovery will determined based on the Court's decision regarding the motion for class certification. As the IWPCA claim and the breach of contract claim arise out of the same conduct, the Court finds that Plaintiff should be permitted to amend her Complaint based on the current discovery schedule and substance of this amendment.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File an Amended Complaint [#49] is GRANTED.

ENTERED this 30th day of April, 2009.

        s/ Michael M. Mihm
        Michael M. Mihm
        United States District Judge